court did not abuse its discretion in denying Means leave to amend its complaint.

We reverse and remand for further proceedings consistent with this Opinion.

HOFFMAN, P. J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur in the result reached. The restrictive covenant in effect required two distinct things of Carstens: that he not engage in competition and that he not divulge confidential information. If the covenant was valid, Means was entitled to actual damages for its breach. The requested admissions dealt only with Carstens' potential disclosure of confidential information, Means' Management Information System and development of competition strategies. Thus, even if the admissions be taken as absolute, they were insufficient to preclude the question of whether Means suffered any actual damage from breach of the covenant.

Theodore L. Sendak, Atty. Gen., Gary R. Brock, Deputy Atty. Gen., Indianapolis, for appellants-respondents.

Michael R. Franceschini, David F. McNamar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellee-petitioner.

ON THE ORDER OF THE SUPREME COURT OF INDIANA GRANTING THE APPELLANTS' PETITION TO TRANSFER

PER CURIAM.

Pursuant to the Order of the Supreme Court of Indiana granting the appellants' Petition to Transfer, with instructions, the original opinion of this Court heretofore handed down on May 7, 1980, reported at 403 N.E.2d 1110, is now corrected by expunging therefrom the award of ten percent (10%) damages against the State of Indiana. In all other respects, the opinion is confirmed as originally written.

All Judges concur.

INDIANA DEPARTMENT OF PUBLIC WELFARE; Mutual Hospital Insurance, Inc.; Mutual Medical Insurance, Inc., Appellants-Respondents,

v.

Robert L. RYNARD, d/b/a Rural Nursing Home, Riley Nursing Home, Delaware Nursing Home, Crestview Nursing Home, Appellee-Petitioner.

No. 1–879A226.

Court of Appeals of Indiana, First District.

Nov. 30, 1981.

Domingo TREVINO, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–581A136.

Court of Appeals of Indiana, Third District.

Nov. 30, 1981.